UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 25-cr-344 (JWB/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MOTION TO SUPPRESS EVIDENCE |
| | ) | OBTAINED AS A RESULT OF A |
| v. | ) | WARRANTLESS SEIZURE |
| | ) | |
| CORY DONTA EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

Cory Edwards, through counsel, respectfully moves the Court to suppress all evidence obtained from a traffic stop of a Kia Borrego on June 10, 2025. This evidence includes a firearm, ammunition, and suspected narcotics that the government has charged Mr. Edwards with possessing in this prosecution. The narcotics were found inside the Kia. The ammunition and firearm were found on the ground outside, several yards from the Kia. Law enforcement also seized as evidence two cell phone from inside the Kia.

Mr. Edwards maintains that the initial traffic stop was done without a warrant and without reasonable suspicion of a traffic infraction or any other offense. Mr. Edwards provides the following facts from the discovery to make a *prima facie* case for suppression. He anticipates that these, and other relevant facts, will become part of the record during an evidentiary hearing prior to the Court's ruling on this Motion.

At approximately 3:51 am on June 10, 2025, Officer Lausen of the Brooklyn Center Police Department conducted a traffic stop on a Kia Borrego after it exited a hotel parking lot. Officer Lausen reported that the basis for the stop was the Kia's driving without

1

headlights illuminated and dark window tint.  Officer Lausen reported that, as the Kia yielded for the stop, it hit the curb on the shoulder of the road.

Officer Lausen approached and asked Mr. Edwards, the driver and sole occupant, for his license.  Mr. Edwards provided a debit card with his name.  When Officer Lausen clarified that he needed to see a driver's license, Mr. Edwards promptly handed it over, and provided his proof of insurance.  Officer Lausen reported that Mr. Edwards appeared nervous, with his hands shaking.  Officer Lausen believed Mr. Edwards may be under the influence of a substance.  Officer Lausen reported that Mr. Edwards' pupils were dilated and not reacting to light.

Officer Lausen returned to his vehicle to run Mr. Edwards's information.  Officer Lausen reported that, during this time, he observed that Mr. Edwards was recently arrested for recklessly handling a firearm.  Based on this, Officer Lausen reported that he believed Mr. Edwards may be armed and dangerous.  Officer Lausen radioed for back up, and Sergeant Jordan soon joined him.

Officer Lausen approached Mr. Edwards a second time, still seated in the Kia. Officer Lausen asked Mr. Edwards to exit the Kia.  After a brief exchange, Officer Lausen reported that Mr. Edwards put the Kia into drive and fled from the traffic stop.  The Kia eventually collided with a fence.  Mr. Edwards was not apprehended at the scene of the crash.  Inside and near the Kia, law enforcement recovered a firearm, ammunition, and suspected narcotics.  The government has charged Mr. Edwards with unlawfully possessing these items.

2

Mr. Edwards hereby moves to suppress this evidence as fruit of a warrantless seizure. First, Mr. Edwards submits that law enforcement lacked reasonable suspicion or probable cause to initiate the traffic stop. While the government's discovery contains factual allegations purportedly supporting Officer Lausen's initial decision to stop the Kia, Mr. Edwards maintains that discovery does not qualify as record evidence and is thus insufficient to satisfy the government's burden to prove the lawfulness of the initial seizure. *See United States v. $45,000.00 in U.S. Currency*, 749 F.3d 709, 716 (8th Cir. 2014) (the government has the burden to prove that reasonable suspicion or probable cause justified a traffic stop).

Second, Mr. Edwards submits that law enforcement unlawfully extended the scope and duration of the traffic stop when Officer Lausen asked him to step out of the Kia. "A constitutionally permissible traffic stop becomes unlawful when its length exceeds the time needed to attend to the stop's 'mission' and 'related safety concerns.'" *United States v. Hamdan*, 168 F.4th 1087, 1091 (8th Cir. 2026) (quoting *Rodriguez v. United States*, 575 U.S. 348, 354 (2015)). Thus, a traffic stop "may last no longer than is necessary to effectuate" its purpose of addressing the infraction, and "authority for the seizure . . . ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id.* (cleaned up). "An officer's mission includes ordinary inquiries incident to the traffic stop," such as "checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Id.* (cleaned up).

3

Here, Officer Lausen received Mr. Edwards's driver's license and proof of insurance. He noted no outstanding warrants. Officer Lausen reported observing a different police report indicating that Mr. Edwards had recently been "arrested" for recklessly handling a firearm. Mr. Edwards disputes this allegation—indeed, the government has disclosed the relevant documents from the alleged incident, and these reports do not show that Mr. Edwards was arrested for handling or otherwise possessing a firearm. Instead, these reports indicate a different person was suspected of handling a firearm, and Mr. Edwards was the victim. Mr. Edwards was never arrested or charged in connection with that prior incident. Officer Lausen's decision to extend the stop, therefore, rested on incorrect information.

In addition, Mr. Edwards submits that Officer Lausen lacked constitutional authority to extend the scope and duration of the stop by ordering him to exit the Kia because Officer Lausen was never in a position to sufficiently view Mr. Edwards's pupils to ascertain whether they were dilated or reacting to light. Because Officer Lausen prolonged the traffic stop beyond the time reasonably required to complete the stop's mission, the stop was "unlawful," and the resulting evidence should be excluded. *See Rodriguez*, 575 U.S. at 357; *see also United States v. Billups,* 442 F. Supp. 2d 697, 701 (D. Minn. 2006) (holding that, all evidence discovered after an unlawful stop must be suppressed as "fruit of the poisonous tree").

Mr. Edwards respectfully requests the Court set this matter for an evidentiary hearing and asks that the government call to testify the officer or officers responsible for

stopping the Kia Borrego.    At the hearing, Mr. Edwards intends to submit Officer

Lausen's body-camera footage and the relevant Maple Grove police reports that Officer

Lausen incorrectly used to justify his expansion of the traffic stop.[1]

Dated: March 30, 2026                    Respectfully submitted,

                                         *s/ Matthew Deates*

                                         MATTHEW DEATES
                                         Attorney ID No. 0400318
                                         Attorney for Mr. Edwards
                                         Office of the Federal Defender
                                         107 U.S. Courthouse
                                         300 South Fourth Street
                                         Minneapolis, MN 55415

---

[1] On March 30, 2026, undersigned and the assigned prosecutor met and conferred by telephone about the contents of this Motion. The parties were not able to narrow any disputed issues, but the conversation is ongoing, and the parties will update the Court if necessary prior to the motions hearing.