UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-cr-344 (JWB/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | MOTION TO SUPPRESS EVIDENCE |
| Plaintiff, | ) | OF UNLAWFUL CELL PHONE |
| | ) | SEARCHES |
| v. | ) | |
| | ) | |
| CORY DONTA EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, Cory Edwards, through counsel, respectfully moves the Court for an order suppressing all evidence obtained by a law enforcement during their search of two different cell phones seized in this case. Searches of these cell phones were authorized by two separate search warrants, issued by the same Hennepin County Judge on the same day. Aside from these warrants pertaining to two separate devices, their statements of probable cause are nearly identical. Mr. Edwards will submit these search warrants at the motion hearing for the Court's review.

Mr. Edwards contends these warrants issued without requisite probable cause and, therefore, any evidence derived from searches authorized by the warrants should be suppressed. He respectfully requests that the Court perform a "four-corners review" of the two contested warrants. *See United States v. Roberts*, 975 F.3d 709, 713 (8th Cir. 2020) ("When the issuing judge relied solely upon a supporting affidavit to issue the search warrant . . . only that information which is found within the four corners of the affidavit

may be considered in determining the existence of probable cause." (cleaned up)).

## I.      Background

The government has charged Mr. Edwards with committing three crimes on one specific date: June 10, 2025.   ECF No. 1.   The charged offenses are possession with intent to distribute a controlled substance, carrying a firearm during and in relation to a drug trafficking crime, and felon in possession of ammunition.   *Id.*   According to the discovery provided by the government, on June 10, 2025, Brooklyn Center police officers seized two cell phones during an inventory of a Kia Borrego following a car crash:

- a Dark blue TCL flip phone, referred to as "Item #4" in police reports; and

- a black-colored iPhone in a black Otterbox case, referred to as "Item #3" in police reports.

On June 11, 2025, Brooklyn Center Police Detective Daniel Lindstrom applied for and obtained Hennepin County search warrants for these cell phones.   The warrants authorized officers to search for and seize data from May 10, 2025, through June 11, 2025, "to include videos, images, text messages, call logs, location data, notes, calendar events, stored contacts, browser history, stored application data, system information, and other electronically stored data . . . which shows or tends to show evidence related to drug possession, purchase or sales or evidence of gun possession or purchase."   Pursuant to the state warrants, officers extracted electronic data from the cell phones.

## II.      Argument

The two state search warrants issued without requisite probable cause that relevant

evidence would be found on the phones because the warrant applications lacked sufficiently particularized allegations that evidence of the charged offenses would be found on the cell phones.   In addition, the warrants authorized searches dating back to May 10, 2025, which is constitutionally overbroad in scope and unrelated to the charged offenses.

The Fourth Amendment expressly recognizes the privacy interests of a person's "houses, papers, and effects," U.S. CONST., AM. IV, so any police official seeking to invade these provinces must generally first obtain a valid search warrant upon showing probable cause to the satisfaction of a neutral magistrate, *Groh v. Ramirez*, 540 U.S. 551, 559-60 (2004).   Before any such warrant may lawfully issue, the police must make a showing of probable cause:

> [G]iven all the circumstances set forth in the affidavit [], including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates*, 462 U.S. 213, 238 (1983) (cleaned up).   Thus, "an affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause." *Id.* "When a magistrate relies solely on an affidavit to issue the warrant, only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause."   *United States v. Farlee*, 757 F.3d 810, 819 (8th Cir. 2014) (cleaned up).

The probable-cause requirement is designed to be meaningful, not merely a "rubber stamp for the police."   *United States v. Ventresca*, 380 U.S. 102, 109 (1965).   This means that certain affidavit presentations are categorically insufficient to make the requisite

3

probable-cause showing, *e.g.* "wholly conclusory" commentary, *Gates*, 462 U.S. at 239, "bare suspicion," *Brinegar v. United States*, 338 U.S. 160, 175 (1949), or a mere profile, *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) ("[A] person's mere propinquity to others . . . does not, without more, give rise to probable cause.").

Even when the affidavit meets the probable-cause bar in some respect, this does not permit the magistrate to countenance a general exploratory search.  *Maryland v. Garrison*, 480 U.S. 79, 84–85 (1987).  "An otherwise unobjectionable description of the objects to be seized is defective if it is broader than can be justified by the probable cause upon which the warrant is based."  *United States v. Galpin*, 720 F.3d 436, 446 (2d Cir. 2013) (citation omitted); *see also United States v. Ross*, 456 U.S. 798, 823 (1982) (scope of warrantless search must be no broader than "scope of search authorized by a warrant supported by probable cause").  Accordingly, the probable-cause showing must be "particularized." *Ybarra,* 444 U.S. at 91.  This particularity requirement is not limited to the person suspected of an offense, but rather extends to all aspects of the proposed intrusion, *i.e.,* what the police are looking for, the place where they expect to find it, and moment in time when they expect the sought-after item(s) to be there.  *United States v. Grubbs*, 547 U.S. 90, 96 (2006).

Courts are especially attuned to the importance of particularity in the context of digital searches like the one at issue here, and in this regard, it is worth quoting one court's illustrative commentary at length:

> ***Where . . . the property to be searched is a computer hard drive, the particularity requirement assumes even greater importance.***  As numerous

courts and commentators have observed, advances in technology and ***the centrality of computers in the lives of average people have rendered the computer hard drive akin to a residence in terms of the scope and quantity of private information it may contain.   The potential for privacy violations occasioned by an unbridled, exploratory search of a hard drive is enormous.***   This threat is compounded by the nature of digital storage. Where a warrant authorizes the search of a residence, the physical dimensions of the evidence sought will naturally impose limitations on where an officer may pry: an officer could not properly look for a stolen flat-screen television by rummaging through the suspect's medicine cabinet, nor search for false tax documents by viewing the suspect's home video collection. Such limitations are largely absent in the digital realm, where the size or other outwardly visible characteristics of a file may disclose nothing about its content.

*. . .* ***There is, thus, a serious risk that every warrant for electronic information will become, in effect, a general warrant, rendering the Fourth Amendment irrelevant.   This threat demands a heightened sensitivity to the particularity requirement in the context of digital searches.***

*Galpin*, 720 F.3d at 446-47 (cleaned up) (emphases added).   Thus, to justify the authorized intrusive, in-depth forensic exam of a cell phone's contents (to encompass, *e.g.*, "videos, images, text messages, call logs, location data, notes, calendar events, stored contacts, browser history, stored application data, system information, and other electronically stored data"), the affidavit must supply probable cause to justify a search of each and every one of the digital areas to be searched.

In this case, the search warrants issued based upon unparticularized allegations that relevant evidence might be found on the cell phones.   Instead, the warrant applications recount the circumstances of law enforcement's seizure of the phones, including allegations that narcotics, a firearm, and ammunition were also recovered at or near the scene of the car crash, and then rely upon the affiant's mere "belief" that "there will be

5

evidence of drug and even gun activity on the cell phones." This apparently is because "Affiant knows from training and experience that people often set up and talk about drug sales via cell phones." Yet there is nothing in the warrant applications that explains how the sought-after information will be found on *these* particular cell phones—much less that a search of a an incredibly broad range of data would be justified by probable cause: "videos, images, text messages, call logs, location data, notes, calendar events, stored contacts, browser history, stored application data, system information, and other electronically stored data." Moreover, the allegations that support law enforcement's decision to intrude upon the cell phones rely upon the affiant's "training and experience" and "beliefs." Nothing about Mr. Edwards's alleged use of the cell phones.

Mr. Edwards submits that these allegations fall within the category of "wholly conclusory," *Gates*, 462 U.S. at 239, or "bare suspicion," *Brinegar*, 338 U.S. at 175, which is insufficient to demonstrate the requisite probable cause to search the cell phones. Such a significant intrusion into a constitutionally protected area, which the Supreme Court has likened to a home, should not be permitted without sufficiently particularized facts supporting law enforcement's request. *See Riley v. California*, 573 U.S. 373, 393 (2014); *see also Andresen v. Maryland*, 427 U.S. 463, 480 (1976) (holding that the particularity requirement of the Fourth Amendment prohibits the "exploratory rummaging in a person's belongings").

The scope of the timeframe (or look-back period) of the searches is also overbroad. The date of the alleged offense in this case is June 10, 2025. But the warrants authorize

law enforcement to search the cell phones and seize evidence of "videos, images, text messages, call logs, location data, notes, calendar events, stored contacts, browser history, stored application data, system information, and other electronically stored data" dating back to May 10, 2025.   Nothing in the warrant application demonstrates why a nearly one-month search period is supported by probable cause; nearly all the material allegations involve just one incident from one date: June 10, 2025.   This warrants' temporal reach is unsupported by probable cause and thus constitutionally overbroad.   The resulting evidence should be suppressed.   *See Andresen*, 427 U.S. at 480.

Doubtless the government will try to salvage the unlawful search by means of the good-faith exception to the exclusionary rule as articulated in *United States v. Leon*, 468 U.S. 897, 919-20 (1984).   As *Leon* notes, the exclusionary rule exists to encourage lawful police conduct, not to punish a magistrate's erroneous issuance of a warrant.   *Id.* at 916. Exclusion is thus not justified in the latter scenario, but only so long as the police rely on a warrant in objective good faith.   *Id.* at 920.   Hence, to avoid tossing the Fourth Amendment into the waste bin, the Supreme Court emphasized suppression is still required where, *e.g.,* the affidavit is "so lacking in indicia or probable cause as to render official belief in its existence entirely unreasonable" or the warrant is so facially deficient in failing to particularize the place to be searched or things to be seized that the executing officers cannot reasonably presume it to be valid.   *Id.* at 923.

Put differently, the *Leon* good-faith inquiry asks "whether a reasonably well-trained officer would have known that the search was illegal despite the issuing judge's

authorization." *United States v. Proell*, 485 F.3d 427, 430 (8th Cir. 2007) (cleaned up).

Under that standard, *Leon* will not save a search/seizure where a well-trained officer

"would have known that his affidavit failed to establish probable cause and that he should

not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 345 (1986). And

especially not in the case of a so-called "bare bones" affidavit, even when the subsequent

search is conducted by "colleagues who are ignorant of the circumstances under which the

warrant was obtained." *Leon*, 468 U.S. at 922 & n.24.

The term "bare bones" just means information in the affidavit lacks a "substantial

basis for determining the existence of probable cause." *Gates*, 462 U.S. at 239. And as

noted, the warrant application failed to supply sufficiently particularized bases that

evidence of the charged crimes will be found on the cell phones or that probable cause

supported a look-back period to May 10, 2025.

## III. Conclusion

For these reasons, Mr. Edwards respectfully requests that the Court suppress

evidence from the two contested search warrants.[1]

---

[1] On March 30, 2026, undersigned and the assigned prosecutor met and conferred by telephone about the contents of this Motion. The parties were not able to narrow any disputed issues, but the conversation is ongoing, and the parties will update the Court if necessary prior to the motions hearing.

Dated: March 30, 2026                    Respectfully submitted,

                                         *s/ Matthew Deates*

                                         MATTHEW DEATES
                                         Attorney ID No. 0400318
                                         Attorney for Mr. Edwards
                                         Office of the Federal Defender
                                         107 U.S. Courthouse
                                         300 South Fourth Street
                                         Minneapolis, MN 55415