UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 25-cr-344 (JWB/DLM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | MOTION TO SUPPRESS |
| | ) | STATEMENTS |
| v. | ) | |
| | ) | |
| CORY DONTA EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

Cory Edwards, through counsel, respectfully moves the Court for an order suppressing all statements, admissions, and answers made by Mr. Edwards in response to police questions and statements on or about June 13, 2025. This motion is made pursuant to the Fifth and Sixth Amendments and *Miranda v. Arizona*, 384 U.S. 436 (1966), based on government disclosures received to date. The following facts largely come from police reports and audio/visual recordings disclosed by the government. Mr. Edwards respectfully requests that the Court convene an evidentiary hearing on this Motion to permit further development of the record.

At approximately 5:42 am on June 13, 2025, law enforcement executed a search warrant at a residence in Maple Grove, Minnesota. There, they arrested Mr. Edwards and provided *Miranda* warnings. During subsequent interrogation, Mr. Edwards referred to the prior traffic stop from June 10, 2025, told officers that he knew they had a warrant for his arrest, denied touching any ammunition or firearm magazine that was found at the Maple Grove residence, and declined to provide a DNA sample.

Mr. Edwards hereby moves to suppress all statements he made on about June 13, 2025, in response to custodial interrogation. *See Missouri v. Seibert*, 542 U.S. 600, 608 n.1 (2004) ("The burden of showing admissibility rests, of course, on the prosecution." (cleaned up)). Specifically, Mr. Edwards maintains that he did not knowingly and voluntarily waive his rights before answering law enforcement's questions. *See United States v. Figueroa-Serrano*, 971 F.3d 806, 814 (8th Cir. 2020) (government's burden to prove by a preponderance the validity of a *Miranda* waiver).

"There are 'two distinct dimensions' to whether a suspect's waiver of his Miranda rights was voluntary, knowing, and intelligent." *Id.* (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986). First, the waiver "must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *Id.* Second, the suspect must have waived his rights "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* Mr. Edwards submits that the government cannot prove a valid waiver of his *Miranda* rights. At the time, he had just been awoken in the early morning by numerous, heavily armed agents executing a "high risk" warrant, removed from the residence, separated from his partner and her children, and taken to the garage in the middle of a rainstorm where it was difficult to hear agents' warnings and questions. The totality of this conduct amounted to police intimidation and coercion, and the government cannot prove he voluntarily or knowingly waived his rights before responding to agent questioning.

Mr. Edwards requests that the Court hold an evidentiary hearing on this Motion and

asks that the government call to testify the officer(s) responsible for questioning Mr. Edwards on or about June 13, 2025.[1]

Dated: March 30, 2026                              Respectfully submitted,

                                                  *s/ Matthew Deates*

                                                  _____
                                                  MATTHEW DEATES
                                                  Attorney ID No. 0400318
                                                  Attorney for Mr. Edwards
                                                  Office of the Federal Defender
                                                  107 U.S. Courthouse
                                                  300 South Fourth Street
                                                  Minneapolis, MN 55415

---

[1] On March 30, 2026, undersigned and the assigned prosecutor met and conferred by telephone to discuss this Motion and other pretrial matters regarding discovery.  The parties were not able to narrow any disputed issues, but the conversation is ongoing, and the parties will update the Court if necessary prior to the motions hearing.